UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEAF FUNDING, INC.,

       Plaintiff,                           Case No. 2:07-cv-1286
                                               JUDGE GREGORY L. FROST
      v.                                         Magistrate Judge Mark R. Abel

THOMAS DONAHUE, D.C., et al.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the February 4, 2008 motion to dismiss filed by Maurice A. Pisciottano, Edward J. Bishop, and Pro Adjuster Finance Corporation. (Doc. # 13.) Also before the Court are a response filed by Leaf Funding, Inc. (Doc. # 22), a stipulated notice of dismissal filed by Leaf Funding, Inc., Maurice A. Pisciottano, Edward J. Bishop, and Pro Adjuster Finance Corporation (Doc. # 26), a "Joinder in Part and Opposition in Part" that is a motion to dismiss filed by Dr. Thomas Donahue (Doc. # 24), and a memorandum filed by Leaf Funding, Inc. (Doc. # 29). For the reasons that follow, this Court finds Leaf Funding, Inc.'s attempted dismissal of Pisciottano, Bishop, and Pro Adjuster Finance Corporation unsuccessful and grants the pending motions to dismiss.

**I.  Background**

As this Court noted in its April 11, 2008 Order (Doc. # 27), the pleadings indicate that chiropractor Dr. Thomas Donahue is an Ohio citizen who entered into a lease agreement with Pro Adjuster Finance Corporation ("Pro Adjuster") on November 18, 2006**.**  Under the terms of

1

the agreement, Pennsylvania business Pro Adjuster would lease Donahue equipment for multiple years in return for monthly payments.  The agreement contained an assignment clause stating that Pro Adjuster could sell, assign, or transfer the agreement to a new owner.  Pro Adjuster did just that when it assigned the lease agreement to Leaf Funding, Inc. ("Leaf Funding") on November 22, 2006.

Thereafter, on December 21, 2007, Leaf Funding filed the instant action, asserting that Donahue was in default under the assigned lease agreement for failure to make payments.  (Doc. # 2 ¶¶ 13-14.)  Leaf Funding asserts three claims against Donahue and one claim against Pro Adjuster; Leaf Funding also avers that because Pro Adjuster is an unincorporated joint venture, Pro Adjuster operators Maurice A. Pisciottano and Edward J. Bishop are personally liable for the enterprise's debts.

In his answer, Donahue asserted a counterclaim against Leaf Funding and cross-claims against Pro Adjuster, Pisciottano, and Bishop.  Donahue also asserted as part of his eleven-count, third-party complaint claims against Leaf Financial Corporation, Prosolutions, Inc., and NCMIC Finance Corporation.  (Doc. # 12.)  The docket indicates that Leaf Financial and Leaf Funding have answered Donahue's pleading (Docs. # 19, 20), but fails to reflect service on Prosolutions, Inc. and NCMIC Finance Corporation.

On February 4, 2008, Pro Adjuster, Pisciottano, and Bishop filed a motion to dismiss Leaf Funding's Complaint and Donahue's cross-claims for lack of jurisdiction.  (Doc. # 13.) Leaf Funding responded in two March 14, 2008 filings.  One filing (Doc. # 22) asserted that the motion to dismiss was moot in regard to the claims against  Pro Adjuster, Pisciottano, and Bishop because the other filing (Doc. # 21) voluntarily dismissed without prejudice all of Leaf

2

Funding's claims against these three defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In a March 19, 2008 Order, this Court explained that because Sixth Circuit precedent precluded such partial dismissal of the action, the attempted dismissal was of no effect. (Doc. # 23.)

Apparently due to clerical error, Leaf Funding subsequently filed another Rule 41 notice of dismissal that was identical to its earlier, rejected filing. (Doc. # 25.) That same day, Leaf Funding then filed a stipulated voluntary dismissal "[p]ursuant to Fed. Civ. R. 41(a)(1)(A)(i) and/or Fed. Civ. R. 21" that dismissed Leaf Funding's claims against Pro Adjuster, Pisciottano, and Bishop. (Doc. # 26.) This was intended to leave pending Leaf Funding's claims against Donahue and Donahue's claims against all of the parties involved in this litigation.

On April 11, 2008, this Court issued a decision in which it noted various irregularities in the proceedings and the essentially dearth of substantive briefing on the issues involved in the attempted or requested dismissals. Reluctant to decide the pending motions without the benefit of full briefing on issues that the parties may have never fully contemplated, the Court postponed disposition of the pending motions and afforded the parties an additional opportunity to be heard. Only Leaf Funding filed a response to the Court's Order (Doc. # 29), and the period of supplemental briefing has now closed.

## II. Discussion

As the Court noted in its prior decision, Pro Adjuster, Pisciottano, and Bishop argue in their Rule 12(b)(1) motion to dismiss–and Donahue incorporates this argument in his own

notably spartan motion[1]–that this Court lacks diversity jurisdiction because Leaf Funding's principal place of business is in Pennsylvania. Assuming *arguendo* that the discovery contemplated in the motion to dismiss would establish Leaf Funding's principal place of business as indicated, this would in fact destroy jurisdiction and warrant dismissal.[2] *See* Fed. R. Civ. P. 12(b)(1) (providing that an action may be dismissed for lack of subject matter jurisdiction). Although it disagrees that its principal place of business is in Pennsylvania, Leaf Funding represents that it would rather dismiss the Pennsylvania parties than litigate the issue. To support its attempted dismissal, Leaf Funding argues to this Court that the Court is free to ignore what it characterizes as the Sixth Circuit's dicta on the operation of Rule 41 and that the Court can dismiss Pro Adjuster, Pisciottano, and Bishop under that rule.

This Court is not inclined to accept Leaf Funding's invitation to ignore the language of the appellate court, even if arguably dicta. The Court has previously explained that the Sixth Circuit has suggested, *without conclusively deciding the issue*, that dismissal of all claims against a single defendant should be pursuant to Rule 21, not Rule 41. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d 633, 636 (6th Cir. 2008). *See also AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004). The clarity of the suggestion points

---

[1] Donahue's motion is a motion-by-incorporation, which the Court notes is hardly an ideal manner in which to seek court action.

[2] The November 18, 2006 lease agreement between Pro Adjuster and Donahue lists a Pennsylvania address for Pro Adjuster. (Doc. # 2-2.) This same address is listed as the "Home Office Address" for Pro Adjuster in the November 22, 2006 assignment agreement with Leaf. (Doc. # 2-3, at 1.) That document also expressly provides that Pro Adjuster is "a Pennsylvania corporation" and is in fact signed by Edward J. Bishop in his capacity as Vice President of Operations for Pro Adjuster. (Doc. # 2-3, at 1-2.)

to crediting Rule 21 as the proper mechanism for such a dismissal, even if one or more panels of the appellate court has recognized that court's own apparent prior lapses in steadfastly following its line of reasoning.

Still left without the ability to effectuate a piecemeal dismissal of Pro Adjuster, Pisciottano, and Bishop under Rule 41, Leaf Funding seeks in the alternative to have the Court construe its "stipulated notice of dismissal" as a successful Rule 21 motion. The Court is not required to grant a Rule 21 motion. *See* 4 James W. Moore, *Moore's Federal Practice* § 21.02[3], at 21-8 to 21-9 (explaining that "[t]he fact that a motion under Rule 21 may be brought at any time during the litigation does not mean that the court is required to grant it; the issue is left to the sound discretion of the trial court"). There are notable factors supporting a denial of a Rule 21 dismissal here. The various claims arise out of the same transactions or occurrences, these claims also present some common questions of law or fact, dismissal would hinder settlement of the claims and would not facilitate judicial economy, and overlapping witnesses and documentary proof would be involved in the various claims in this litigation.

Moreover, Rule 21 may also not provide Leaf Funding the cure it seeks for any possible diversity problem. The Sixth Circuit has explained that "[a]lthough normally jurisdiction depends upon the facts as they are at the time of filing, curing a jurisdictional defect through dismissal of a party that destroys diversity 'ha[s] long been an exception to the time-of-filing rule.' " *AmSouth Bank*, 386 F.3d at 777-78 (quoting *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004)). This means that the threshold issue is again whether the Court can and then should grant the agreed-upon Rule 21 dismissal.

This issue remains important because although "a party may not create diversity by

5

dropping a nondiverse and indispensable party, . . . it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999). The court of appeals has explained:

> Rule 21 of the Federal Rules of Civil procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party. It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.

*Id.* (quoting *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994)). Success of the Rule 21 dismissal therefore turns on whether Pro Adjuster, Pisciottano, and Bishop are dispensable parties. If they are not, then regardless of these defendants' agreement to the dismissal, the Court will not permit the Rule 21 dismissal and must proceed to decide the merits of whether complete diversity exists.

The prior problem with resolving these areas of concern is that the parties avoided briefing the issues involved. There was no substantive brief before the Court by Leaf Funding because its response to the motion to dismiss filed by Pro Adjuster, Pisciottano, and Bishop simply elected to indicate that dismissal had mooted the relevant aspect of the motion. Pro Adjuster, Pisciottano, and Bishop in turn failed to file a reply memorandum, apparently relying on having been "dismissed" by an agreed Rule 21 motion. Donahue's briefing proved equally unhelpful. His March 26, 2008 response to the February 4, 2008 motion dismiss was well beyond the filing deadline and was filed without leave of court excusing the untimeliness. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion.").

6

Additionally, the foregoing filings did not address (1) whether the Court should permit dismissal under Rule 21, (2) whether Pro Adjuster, Pisciottano, and Bishop are indispensable parties, and (3) what effect, if any, the ongoing, duplicative state proceeding to which Donahue refers affects the propriety of proceeding with this federal case. Only Leaf Funding responded to the Court's invitation for substantive briefing. The company's response, however, does not support dismissal under Rule 21.

Leaf Funding argues that Pro Adjuster, Pisciottano, and Bishop are not indispensable parties–or "required" parties under Rule 19(a)–because complete relief can be afforded between the company and Donahue without the inclusion of Pro Adjuster, Pisciottano, and Bishop. In reaching this conclusion, Leaf Funding reasons that "[i]f the Lease is not enforceable, then the Court does not need the Pro Adjuster Defendants to make that determination." (Doc. # 29, at 12.)

What this reasoning overlooks, however, is that the enforceability of the lease against Donahue by Leaf Funding is intertwined with the validity of the lease and that agreements that Pro Adjuster made regarding the lease could by Leaf Funding's pleading constitute breaches of the assignment agreement. The Court could not afford complete relief to Leaf Funding. The company asserts in its Complaint that Pro Adjuster (i.e., Pisciottano and Bishop) made representations, covenants, and warranties in regard to the lease agreement, the breach of which would obligate these defendants to pay Leaf Funding what Donahue did not. (Doc. # 2 ¶¶ 29-30.) Additionally, Leaf Funding pleads that if Donahue is correct that Pro Adjuster, Pisciottano, and Bishop made representations and agreements to him in regard to the lease, then these latter defendants have breached the assignment agreement. (Doc. # 2 ¶ 31.) Indeed, Donahue's

7

pleading suggests the importance of Pro Adjuster, Pisciottano, and Bishop.  Apart from his own claims against them, Donahue expressly points to Pro Adjuster, Pisciottano, and Bishop and their asserted impropriety as affirmative defenses to Leaf Funding's claims against him.  (Doc. # 12 ¶¶ 37, 38, 44.)

The Court concludes that Pro Adjuster, Pisciottano, and Bishop are required parties under Rule 19.  The next question is therefore whether their presence would destroy subject matter jurisdiction.  If it would, then the Court must decide whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

There is no evidence before the Court that the presence of Pro Adjuster, Pisciottano, and Bishop do not destroy jurisdiction.  The Court noted in its prior decision that "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ."  *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).  *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction").  But at no time in this litigation has Leaf Funding produced any evidence that its principal place of business is not in Pennsylvania.  Instead, Leaf Funding has sought to avoid the issue.

Although Pro Adjuster, Pisciottano, Bishop, and Donahue have moved for dismissal based on a lack of jurisdiction, the burden of proving jurisdiction falls on Leaf Funding.  The request by Pro Adjuster, Pisciottano, and Bishop (and incorporated by Donahue) for a period of

limited discovery on the jurisdiction issue is therefore moot, because Leaf Funding has failed to produce any evidence in response to the motions to dismiss that these defendants need to oppose by using evidence obtained through such limited discovery. Leaf Funding could have submitted evidence of its principal place of business via affidavit in its response to the motions to dismiss, but it did not. The company then could have submitted such evidence in its response to this Court's prior Order, but it again did not. There is no evidentiary dispute, and the party with the burden of establishing jurisdiction has repeatedly declined to do so.

Rule 19(b) therefore characterizes Pro Adjuster, Pisciottano, and Bishop as parties that are required to be joined if feasible but that cannot be joined. Equitable considerations arising from the obvious prejudice to Donahue and potentially these defendants point to dismissal as the appropriate course of action. *See* Fed. R. Civ. P. 19(b)(1)-(4).

This outcome leads to Donahue's March 26, 2008 filing. (Doc. # 24.) Donahue states that he joins in the motion by Pro Adjuster, Pisciottano, and Bishop to dismiss Leaf Funding's claims and asks that the Court also dismiss Leaf Funding's claims against him. Absent dismissal, Donahue then asks that his counterclaims, cross-claims, and third-party claims be permitted to go forward. Because this Court has already decided that dismissal of Leaf Funding's claims is warranted, the Court must discern what Donahue intends to do when he states that if there is dismissal, then "[t]o avoid contradictory results, Donahue asks that the Federal District Court action be dismissed in its entirety." (Doc. # 24, at 2.) This is a contingent request for dismissal of the entire action (i.e., all of the litigation that is left) that the Court shall construe as a well-taken motion. *See* Fed. R. Civ. P. 41(a)(2).

In summary, the posture of this convoluted litigation is that Leaf Funding's attempted

9

dismissal of Pro Adjuster, Pisciottano, and Bishop has not succeeded. This means that the pending motions to dismiss (Docs. # 13, 24) remain viable, which in turn means that the Court must accept Leaf Funding's failure to evade dismissal based on a lack of diversity. This decision triggers Donahue's dismissal of his counterclaims, cross-claims, and third-party claims. The end result is that there are no claims remaining in a case over which this Court lacks jurisdiction.

### III. Conclusion

In light of the foregoing, the Court **DENIES** Leaf Funding's Rule 21 motion (Doc. # 26) and **GRANTS** both the Rule 12(b)(1) motion to dismiss filed by Pro Adjuster, Pisciottano, and Bishop (Doc. # 13) and the Rule 12(b)(1) motion to dismiss filed by Donahue (Doc. # 24). The Court also **GRANTS** the as-construed Rule 41(a)(2) motion to dismiss of Donahue targeting his remaining action. (Doc. # 24.)

The Court therefore **DISMISSES WITHOUT PREJUDICE** all claims, counterclaims, cross-claims, and third-party claims in this action. The Clerk shall accordingly terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

              /s/ Gregory L. Frost
              GREGORY L. FROST
              UNITED STATES DISTRICT JUDGE